IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Broadcast Music, Inc. et al.<br><br>                Plaintiffs,<br><br>v.<br><br>MM & JB Enterprises, Inc. et al.<br><br>                Defendants. | Civil Action No. 1:16-cv-00074-WS-B<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

      MM & JB Enterprises Inc. d/b/a Alchemy Tavern and John R. Charnetski ("Defendants"), through counsel, hereby answer Plaintiffs' Complaint (Doc. 1) and deny any and all such allegations, and further admit or deny the specific allegations of the Complaint and state affirmative defenses, as follows:

### JURISDICTION AND VENUE

    1. Defendants admit the allegations of the nature of the case and the allegations of jurisdiction in paragraph 1.

    2. Defendants admit the allegations of the nature of venue in paragraph 2.

### THE PARTIES

    3. Answering paragraph 3 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

    4. Answering paragraph 4 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

1

5. Answering paragraph 5 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

6. Answering paragraph 6 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

7. Answering paragraph 7 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

8. Answering paragraph 8 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

9. Answering paragraph 9 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

10. Answering paragraph 10 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

11. Answering paragraph 11 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

12. Answering paragraph 12 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

13. Answering paragraph 13 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

14. Answering paragraph 14 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

15. Answering paragraph 15 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

16. Answering paragraph 16 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

17. Answering paragraph 17 of the Complaint, Defendants admit that MM & JB Enterprises, Inc. is a corporation organized and existing under the laws of the State of Alabama. Defendants deny the remaining allegations in paragraph 17.

18. Denied.

19. Admit.

20. Answering paragraph 20 of the Complaint, Defendants admit that John R. Charnetski is an officer of Defendant MM & JB Enterprises, Inc. with responsibility for the operation and management of that corporation and deny the remaining allegations in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendants admit that John R. Charnetski has the right and ability to supervise the activities of Defendant MM & JB Enterprises, Inc. and a direct financial interest in that corporation and deny the remaining allegations in paragraph 21.

## CLAIMS OF COPYRIGHT INFRINGEMENT

22. Paragraph 22 of the Complaint does not does not call for an admission or a denial.

23. Answering paragraph 23 of the Complaint, Defendants admit that BMI has contacted Defendants. Defendants lack information sufficient to form a belief as to the remaining allegations, and on that basis, Defendants deny them.

24. Defendants deny the allegations of unauthorized public performance and willful copyright infringement. The remainder of Paragraph 24 of the Complaint does not does not call for an admission or a denial.

25. Defendants admit that a "Schedule" was attached to Plaintiffs' Complaint. Defendants deny the remaining allegations in paragraph 25.

26. Answering paragraph 26 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

27. Answering paragraph 27 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

28. Answering paragraph 28 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

AFFIRMATIVE DEFENSES

Defendants hereby assert the following Affirmative Defenses in this case:

1. Plaintiffs' claims are barred or unenforceable under the doctrine of copyright misuse.

2. Plaintiff's claims are barred because any music made available at the establishment were substantial non-infringing uses.

3. Plaintiffs' claims are barred to the extent they lack standing to assert claims for each claimed copyright.

4. Plaintiffs' claims are barred by the doctrine of fair use.

5. Plaintiffs' claims are barred by the doctrine of unclean hands.

6. Plaintiffs' claims are barred to the extent Plaintiffs lack valid registrations of copyrights alleged in the complaint.

7. Plaintiffs' claims are barred by the Digital Millennium Copyright Act.

8. Plaintiffs' claims are barred by the First Amendment to the United States Constitution.

9. Plaintiffs' claims are barred for lack of subject matter jurisdiction to the extent Plaintiffs lack valid registrations of copyrights alleged in the complaint.

10. Plaintiffs' claims are barred by license, consent, acquiescence, laches, and waiver.

11. Plaintiffs' claims are barred by the first sale doctrine.

12. Plaintiffs' claims are barred by their failure to mitigate damages.

13. Plaintiffs' claims are barred to the extent they have forfeited or abandoned the copyrights alleged in the complaint.

14. Plaintiffs' claims are barred to the extent any persons, based on whose behavior Plaintiffs seek to hold Defendants liable, are innocent infringers.

15. Plaintiffs' claims are barred or unenforceable under the doctrine of equitable estoppel.

16. Plaintiffs' claims are barred under the doctrine of collateral estoppel.

17. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

WHEREFORE, Defendants pray this Honorable Court for the following relief:

I. For dismissal of the Plaintiffs' action with prejudice;

II. For an order that Plaintiffs' shall take no relief from their complaint herein;

III. For an award of Defendants' costs and attorneys' fees herein incurred; and

IV. For such further and other relief the Court deems fair and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: April 14, 2016

Respectfully submitted,

ADAMSIP, LLC

By: /s/ J. Hunter Adams
J. Hunter Adams, Esq.
300 Dauphin Street, Suite 200
Mobile, Alabama 36602
Phone: (251) 289-9787
hunter@adamsiplaw.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on April 14, 2016, electronically filed the foregoing using the CM/ECF E-File system, which will send copies to the following:

> James P. Prewitt
> James P. Prewitt, LLC
> 6 Office Park Circle, Suite 116
> Birmingham, AL 35223
> *Attorney for Plaintiffs*

                                          /s/ J. Hunter Adams
                                              J. HUNTER ADAMS